Kim M. Catullo, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4815
Attorneys for Defendants
Stryker Corporation and
Stryker Sales Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BENNETT,<br><br>               Plaintiff,<br><br>vs.<br><br>STRYKER CORPORATION, STRYKER SALES CORPORATION, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, ZENECA HOLDINGS INC., HOSPIRA, INC., ABBOTT LABORATORIES, EASTMAN KODAK COMPANY, DOES 1-10, inclusive,<br><br>               Defendants. | Case No.: _____<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Stryker Corporation and Stryker Sales Corporation ("Stryker Defendants") hereby remove this action, captioned John Bennett v. Stryker Corporation, et al., Docket No. MID-L-5715-09, with reservation of all defenses, from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As grounds for this removal, the Stryker Defendants show the Court as follows:

**BACKGROUND**

#1429138 v1
100909-66696

1. Plaintiff John Bennett filed this lawsuit on July 6, 2009, in the Superior Court of New Jersey, Law Division, Middlesex County, being designated Docket No. MID-L-5715-09 (the "State Court Action").

2. Plaintiff alleges damages resulting from Defendants' wrongful conduct in connection with the design, manufacture, testing, distribution, marketing, sales and usage of Defendants' products, including a pain pump and injectable local anesthetics. (*See* Compl. ¶ 1). Plaintiff seeks damages from Defendants, including compensatory damages, treble damages, punitive damages, costs and attorney fees (*see* Compl. "Relief Requested"), as a result of his alleged "serious and permanent damages to his shoulder joint," his "difficulty doing the most basic tasks of everyday living" and "require[d] future medical care, including additional surgeries" (Compl. ¶¶ 27-28, 39).

3. This Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to 28 U.S.C. § 1332(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Law Division, Middlesex County, where Plaintiff originally filed the State Court Action.

5. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after July 10, 2009, when service of process was made upon Stryker Corporation.[1]

6. All other served and properly joined Defendants have consented to this Notice of Removal. (S*ee* Consents to Removal attached as <u>Exhibit A</u>.) Defendants who have not been

---

[1] Stryker Sales Corporation was served on July 17, 2009, after service was made upon Stryker Corporation.

served, unknown defendants, and fraudulently joined defendants need not consent to removal. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3rd Cir. 1995).

7.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on the Stryker Defendants in the State Court Action are attached to this Notice as <u>Exhibit B</u>.

8.  Pursuant to 28 U.S.C. § 1446(d), the Stryker Defendants have filed this Notice with this Court, are serving a copy of this Notice upon counsel for all appearing parties, and are filing a copy in the Superior Court of New Jersey, Law Division, Middlesex County.

## **DIVERSITY JURISDICTION – COMPLETE DIVERSITY**

9.  Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action satisfies all requirements for federal jurisdiction under 28 U.S.C. § 1332(a).

10. This action is between citizens of different States because no served and properly joined Defendant is a citizen of the same state as Plaintiff.

11. Plaintiff is a citizen of Texas[2]. (*See* Compl. ¶ 6.)

12. Plaintiff has joined the Stryker Defendants, which are alleged to have designed, manufactured, tested, distributed, marketed, and/or sold the "pain pump" that administered local anesthetic to Plaintiff. (*See* Compl. ¶ 1.) Both Stryker Defendant are corporations organized under the laws of Michigan with their principal places of business in Michigan. (*See* Compl. ¶ 7.)

13. Additionally, Plaintiff has joined several entities alleged to have designed, manufactured, tested, distributed, marketed, and/or sold local anesthetic drugs administered to

---

[2] Because Plaintiff is not a resident of the forum state, Defendants may seek to have this case transferred to a more convenient forum under 28 U.S.C. § 1404.

#1429138 v1
100909-66696

Plaintiff via a pain pump ("Anesthetics Defendants"). (*See* Compl. ¶ 1.) These Defendants and their citizenship include:

    a) Defendant AstraZeneca Pharmaceuticals LP, which is a limited partnership organized under the laws of Delaware with its principal place of business in Delaware. (*See* Compl. ¶ 1.) Its general partner is AstraZeneca AB, a Swedish corporation with its principal place of business in Sweden. AstraZeneca Pharmaceuticals LP's limited partners are: Zeneca Inc., a Delaware corporation with its principal place of business in Delaware; Astra USA Inc., a New York corporation with its principal place of business in Delaware; and Astra U.S. Holdings Corporation, a Delaware corporation with it principal place of business in Delaware.

    b) Defendant AstraZeneca LP, which is a limited partnership organized under the laws of Delaware with its principal place of business in Delaware. (*See* Compl. ¶ 8.) AstraZeneca LP's general partner is AstraZeneca Pharmaceuticals LP. AstraZeneca LP's sole limited partner, KBI Sub, Inc., is incorporated in the State of Delaware with its principal place of business in New Jersey. AstraZeneca LP's sole limited partner is not a real party in interest, and has not been properly joined and served as a defendant.

    c) Defendant Zeneca Holdings Inc., which is a corporation organized under the laws of Delaware with its principal place of business in Delaware. (*See* Compl. ¶ 8.)

    d) Defendant Hospira, Inc., which is a corporation organized under the laws of Delaware with its principal place of business in Illinois. (*See* Compl. ¶ 9.)

    e) Defendant Abbott Laboratories, which is a corporation organized under the laws of Illinois with its principal place of business in Illinois. (*See* Compl. ¶ 10.)

    f) Defendant Eastman Kodak Company, which is a corporation organized under the laws of New Jersey with its principal place of business in New York. (*See* Compl. ¶ 11.)

    g) Does 1-10, which are fictitious parties with unknown citizenship. (*See* Compl. ¶ 12.)

14. In determining whether jurisdiction exists, the Court must disregard the citizenship of fraudulently joined parties. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). "'Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" *Id.* at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). The Court is permitted to look beyond the pleading allegations in determining whether a defendant has been fraudulently joined: "Such evidence may be found in … other relevant matters that are properly subject to judicial notice." *Briscoe*, 448 F.3d at 219.

15. Plaintiff alleges that the anesthetic medication that was administered to him was "marcaine." (*See* Compl. ¶ 25.) Several of the named Anesthetic Defendants, including AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Zeneca Holding Inc., and Eastman Kodak, have *not* made or distributed the anesthetic "marcaine."[3] *See generally,* THE [UNITED STATES FOOD AND DRUG ADMINISTRATION'S] APPROVED DRUG PRODUCTS WITH THERAPEUTIC EQUIVALENCE EVALUATIONS ("Orange Book")[4], which is the FDA's statutorily-required

---

[3] Upon information and belief, Eastman Kodak Company did not make anesthetic drugs for use in the type of surgery that Plaintiff underwent. *See generally,* The Orange Book, *infra*. Therefore, to the extent Eastman Kodak Company could be considered an in forum defendant to defeat removal under 28 U.S.C. § 1441, it has been fraudulently joined. *See In re Briscoe*, 448 F.3d 201 (3d Cir. 2006).

[4] The Court may take judicial notice of the Orange Book pursuant to the Federal Rule of Evidence 201, as its contents are "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)-(d). The FDA is statutorily required to publish the Orange Book and to update it every 30 days. 21 U.S.C. § 355 (j)(7)(A)(i)-(ii); *Takeda Chem. Indus., Ltd. v. Mylan Lab., Inc.*, 417 F. Supp. 2d 341, 364-65 (S.D.N.Y. 2006) (describing history of Orange Book as dating to the 1984 Hatch-Waxman Act). Additionally, the Orange Book is based on the FDA's records and research. *See* 21 U.S.C. § 355 (j)(7)(A); 45 Fed. Reg. 72582 (Oct. 31, 1980) ("All drug products on the List have been fully reviewed and approved for safety and effectiveness by FDA."); 45 Fed. Reg. 72585 ("[I]n the absence of an official List, pharmacists would be required to make their own evaluations of therapeutic equivalence, usually without the comprehensive information available to the agency.").

5

#1429138 v1
100909-66696

publication of approved pharmaceutical products. Because Plaintiff does not allege that any product manufactured by these Anesthetic Defendants caused his injuries and damages, information which is readily available to him through public sources, the citizenship of these Defendants allegedly residing within the forum cannot be used to defeat removal under 28 U.S.C. § 1441 (b) as such Defendants are not "parties in interest" and thus joined by fraud. *Conrad Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185 (1907) (a plaintiff commits fraudulent joinder when "one willfully closes his eyes to information within his reach" which would determine proper defendant); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 67 (D.R.I. 2002) (same); *In re Rezulin Prods. Liab. Litig*, 133 F. Supp. 2d 272, 291 (S.D.N.Y. 2001) (stating that where plaintiff lumps together the allegations against various parties and attributes actions to the defendants generally, the liability of any in forum defendants cannot defeat removal). Additionally, the citizenship of Doe Defendants is disregarded and thus cannot defeat removal. *See* 28 U.S.C. § 1441 (a).

16. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff alleges that Defendants' conduct caused or contributed to the serious and permanent injuries and damages. (*See* Compl. ¶¶ 27-28, 38.) Plaintiff thus demands compensatory damages, treble damages, punitive damages, costs and attorney fees. (*See* Compl. "Relief Requested".) Based upon these demands for damages, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

17. Because 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

WHEREFORE, for the reasons set forth above, the Stryker Defendants pray that this Notice of Removal be filed; said State Court Action in Superior Court of New Jersey, Law Division, Middlesex County be removed to and proceed in this Court; no further proceedings be had in said case in the Superior Court of New Jersey, Law Division, Middlesex County; and this Court assume full jurisdiction over this action as provided by law.

Dated: August 10, 2009

Respectfully submitted,

s/ Kim M. Catullo
Kim M. Catullo (KC-2390)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4815
Attorneys for Defendants
Stryker Corporation and
Stryker Sales Corporation